IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES LONGORIO,

    Plaintiff,   No. CIV S-04-2650 DFL KJM P

  vs.

B. JACOT, et al.,

    Defendants.   FINDINGS & RECOMMENDATIONS
_____/

    Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss for failure to exhaust administrative remedies and to comply with California's Tort Claims Act.

A. <u>Allegations Of The Complaint</u>

    Plaintiff alleges he suffers from celiac sprue disease and will die without the proper diet. On January 30, 2003, defendants Nergenah,[1] Jacot and Swearington authorized and approved his transfer from Pelican Bay State Prison (PBSP), which was one of a limited number of prisons that can provide the appropriate diet, to Folsom State Prison, a prison that could not meet his dietary needs. The transfer occurred on March 6, 2003.

---

[1] This defendant was identified as Nergen in the complaint.

1

1  Plaintiff alleges that once he reached Folsom, defendants Sahota and Peterson
2 refused to treat him and he became ill.
3  Plaintiff alleges that these actions violated his Eighth Amendment rights and
4 constitute gross, intentional and medical negligence and intentional infliction of emotional
5 distress.
6 B. Exhaustion Of Administrative Remedies
7  The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be
8 brought with respect to prison conditions under section 1983 of this title, . . . until such
9 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of
10 confinement" subject to exhaustion have been defined broadly as "'the effects of actions by
11 government officials on the lives of persons confined in prisons.'" 18 U.S.C. § 3626(g)(2);
12 Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001), cert. denied, 535 U.S. 906 (2002); see also
13 Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). The exhaustion requirement is
14 mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).
15  The California prison grievance procedure has several layers, culminating in the
16 third, or Director's, level review. Cal.Code Regs tit. 15, §§ 3084.1- 3084.5. Administrative
17 procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or
18 third level review, with respect to his issues or claims, unless a step of the grievance process is
19 not available to plaintiff. Cal. Code Regs. tit. 15, § 3084.5. In addition, to satisfy the exhaustion
20 requirement, a grievance must alert prison officials to the claims the plaintiff has included in the
21 complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is
22 to give officials "time and opportunity to address complaints internally before allowing the
23 initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a)
24 requires that a prisoner provide as much relevant information as he reasonably can in the
25 administrative grievance process).
26 /////

1    A motion to dismiss for failure to exhaust administrative remedies prior to filing
2 suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d
3 1108, 1119 (9th Cir.), cert. denied sub nom, Alameida v. Wyatt, 540 U.S 810 (2003).
4 Accordingly, the court will consider this portion of the summary judgment motion under the
5 standards outlined in Wyatt.  In deciding a motion to dismiss for a failure to exhaust non-judicial
6 remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at
7 1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.
8    Defendants have submitted declarations from D. Bradbury, the Inmate Appeals
9 Coordinator from PBSP, and T. Hudson, who holds the same position at Folsom State Prison.
10 Both aver that they conducted searches of plaintiff's inmate appeals at both facilities, but did not
11 find any appeal relating to plaintiff's claims that defendants Jacot, Swearingen and Nergenah
12 violated plaintiff's constitutional rights, were negligent and inflicted emotional distress in
13 authorizing plaintiff's transfer from PBSP to Folsom.  Both also aver that they did not find any
14 grievances relating to plaintiff's claims that defendants Sahota and Peterson violated plaintiff's
15 constitutional rights, were negligent and inflicted emotional distress by refusing to treat
16 plaintiff's celiac disease.  Motion To Dismiss (MTD), Exs. A & B.  Bradbury and Hudson do not
17 say, however, that plaintiff failed to secure Director's Level review of the grievances he did file.
18    Defendants have also attached copies of plaintiff's grievances relating to his
19 treatment.  The first, from PBSP, is dated July 31, 2002; plaintiff asks to be given his medically
20 approved diet.  MTD, Ex. C.  The second, also from PBSP, is dated October 27, 2002; once
21 again, plaintiff complains that the food managers have repeatedly refused to honor the medical
22 chronos for his gluten-free diet.  MTD, Ex. D.  The third, from Folsom, was assigned log number
23 03-0381.  In support of that grievance, plaintiff attached a request for a reasonable
24 accommodation under the Americans With Disabilities Act, complaining that he has not been
25 given a gluten-free diet at Folsom and had not had his nutritional needs met.  MTD, Ex. E.  The
26 fourth, also from Folsom, was assigned log number 03-0676; plaintiff again complains that his

1  nutritional needs have not been met, that he is becoming ill as a result and asks for a transfer to
2  another facility.  MTD, Ex. F.
3         Plaintiff argues that he has exhausted administrative remedies even though he did
4  not name the defendants because his grievances are "replete with references to 'doctors,'
5  dieticians,' 'counselors,' 'medical,' 'food managers,' etc."
6         In Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000), plaintiff filed prison
7  grievances over the alleged denial of medical care that became the basis of his civil rights suit.
8  The district court dismissed the action, because plaintiff had not named the warden and the
9  commissioner of corrections, both defendants, in the grievances.  The Eleventh Circuit reversed,
10 finding that exhaustion does not always bar suit against a person not named in the grievance.  It
11 noted:

> [W]e conclude that while § 1997e(a) requires that a prisoner
> provide as much relevant information as he reasonably can in the
> administrative grievance process, it does not require that he do
> more than that.

15 Id. at 1207.  It continued:

> But naming the warden and commissioner in a grievance simply
> because they are the top officials in charge of the prison would not
> have advanced any of the policies underlying the exhaustion
> requirement.

19 Id. at 1209.
20         In Strong v. David, 297 F.3d 646 (7th Cir. 2002), the defendants contended
21 dismissal of the plaintiff's civil rights action was proper because his grievances had not been
22 detailed enough.  The Seventh Circuit disagreed, holding that the specificity required to exhaust
23 /////
24 /////
25 /////
26 /////

depends on the administrative system: "the grievances must contain the sort of information that the administrative system requires." Id. at 649. It cautioned:

> The only constraint is that no prison system may establish a requirement inconsistent with the federal policy underlying § 1983 and § 1997e(a). Thus, for example, no administrative system may demand that the prisoner specify each remedy later sought in litigation – for Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) holds that § 1997e(a) requires each prisoner to exhaust a *process* not a *remedy*.

Id. at 649-50 (citations omitted; emphasis in original).

In Irvin v. Zamora, 161 F. Supp. 2d 1125 (S.D. Cal. 2001), the District Court followed the lead of the Eleventh Circuit. The court observed:

> [p]laintiff's grievances did present the relevant factual circumstances giving rise to a potential claim and did request the identities of the individuals directly responsible for spraying the pesticide. This was sufficient to put prison officials on notice of possible problems with these individuals. Plaintiff also requested that the prison conduct an investigation of the facts. As a result, the facts were investigated and developed, and the prison had an opportunity to exercise its discretion or correct any errors as appropriate under the circumstances. . . .In other words, plaintiff's grievances were sufficient under the circumstances to put the prison on notice of the potential claims and to fulfill the basic purposes of the exhaustion requirement.

Id. at 1134-35. As the Ninth Circuit has observed, when an inmate has followed the instruction on the grievance form to "describe the problem," he has "availed himself of the administrative process the state gave him." Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

As plaintiff notes, his grievances outlined the alleged general institutional failure to provide him with the diet necessary for him to control his disease, which is, according to his complaint, a failure to treat. Am. Compl. at 6 ("plaintiff suffers from celiac spruce [sic] disease, and will die without the proper diet"). Even though his grievances do not name defendants Peterson and Sahota, those grievances filed at Folsom provide enough information to enable the prison to investigate the problem. Defendants have not borne their burden of demonstrating plaintiff's failure to exhaust as to these two plaintiffs.

1    Plaintiff's PBSP grievances are not sufficient to exhaust, however.  Nowhere
2 does plaintiff complain about the transfer from Pelican Bay to Folsom; rather, he alleges only
3 that he was not receiving an adequate diet at Pelican Bay.  These grievances do not alert officials
4 to his claim that the transfer places him in jeopardy because he will not have access to the
5 necessary gluten-free diet at Folsom.  Moreover, while his grievances at Folsom mention the
6 problems with his diet, they do not describe the transfer as the genesis of the problem.
7 Accordingly, plaintiff has not exhausted his administrative remedies as to defendants Jacot,
8 Swearingen and Nergenah.  In light of the court's recommendation that plaintiff's federal claims
9 against these defendants be dismissed, the court will recommend that the district court decline to
10 exercise jurisdiction over plaintiff's state claims discussed below.  See 28 U.S.C. § 1367(c).

C. Compliance With The California Tort Claims Act

12    Defendants allege that plaintiff did not timely file a claim with the Victim
13 Compensation and Government Claims Board (formerly, the Board of Control) against
14 defendants Sahota and Peterson and did not file a claim at all against defendants Jacot,
15 Swearingen and Nergenah; as a result, they urge, the state law claims against these defendants are
16 barred.  As support for their contentions, defendants have attached a copy of plaintiff's claim to
17 the Board of Control as Exhibit H to their motion to dismiss.

18    In considering a motion to dismiss under Federal Rule of Civil Procedure
19 12(b)(6), the court must accept as true the allegations of the complaint in question.  See Hospital
20 Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976).  The court must also construe the
21 pleading in the light most favorable to the party opposing the motion and resolve all doubts in the
22 pleader's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Moreover, pro se
23 pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v.
24 Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be
25 granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the
26 claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73

(1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally a motion to dismiss is decided on the pleadings only. However, there are two exceptions:

> First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity ··· is not contested" and "the plaintiff's complaint necessarily relies" on them. Second, under Fed.R.Evid. 201, a court may take judicial notice of "matters of public record."

Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (citations omitted). In Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), the Ninth Circuit found that a district court could properly consider a group health insurance plan attached to defendants' motion to dismiss because plaintiff's claims rested on his membership in the plan and on its terms, which rendered the documents essential to his claims.

In this case, a condition precedent to the state-law claims against the Department of Corrections and Rehabilitation and its employees is a timely claim to the Board of Control. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2004); Karim-Panahi v. Los Angeles Police Deparment, 839 F.2d 621, 627 (9th Cir. 1988). The claim is thus essential to plaintiff's state law claims. Plaintiff does not contest the authenticity of the claims submitted by defendants; indeed, he uses portions of the claim as Exhibit B to his opposition to the motion to dismiss. This court thus may consider the fact of the claim in resolving the motion.

Under California's Tort Claims Act, Cal. Gov't. Code §§ 900 et seq., a suit may not be maintained against a public employee unless a claim is presented to the public entity within six months of the accrual of the claim. Cal. Gov't Code §§ 911.2 (a), 950.2. A claim accrues within the meaning of these statutes when "the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto . . . ." Cal. Gov't Code § 901.

1          Defendants argue that in his government claim, plaintiff identified June 2003 as
2  the time when the cause of action against Sahota and Peterson accrued.  MTD at 7.  Plaintiff
3  disputes this characterization and also suggests that his cause of action did not accrue until he
4  completed the prison grievance process.  Opp'n at 1-9.
5          This court cannot resolve this question on a motion to dismiss.  As the Ninth
6  Circuit has explained, a court may take judicial notice of documents or otherwise rely on
7  documents essential to the cause of action, but it may not take judicial notice of a fact subject to
8  reasonable dispute.  Lee, 250 F.3d at 689; Fed. R. Evid. 201.  While the court can take notice of
9  the fact that plaintiff filed a claim on a certain day, it cannot take judicial notice of "the truth of
10 the facts recited therein. . . ."  Lee, 250 F.3d at 690.  Moreover, nothing on the face of the
11 complaint suggests when the cause of action against Sahota and Peterson arose.  Accordingly, the
12 motion to dismiss on this ground is not well taken.
13         IT IS HEREBY RECOMMENDED that defendants' motion to dismiss the
14 complaint be granted as to defendants Nergenah, Jacot and Swearington, and denied as to
15 defendants Peterson and Sahota.
16         These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21 shall be served and filed within ten days after service of the objections.  The parties are advised
22 that failure to file objections within the specified time may waive the right to appeal the District
23 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 DATED:  December 19, 2006.

26 2 long2650.157

U.S. MAGISTRATE JUDGE

8