IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL J. LONGORIO,

        Plaintiff,                     No. CIV S-04-2650 RRB KJM P

    vs.

B. JACOT, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2007, defendants filed a motion for summary judgment. On February 2, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On December 28, 2007, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be

1 dismissed pursuant to Fed. R. Civ. P. 41(b). The thirty day period has now expired and plaintiff
2 has not responded to the court's order.

3       "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
4 an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
5 1260 (9th Cir.). "In determining whether to dismiss a case for failure to comply with a court
6 order the district court must weigh five factors including: '(1) the public's interest in expeditious
7 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
8 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
9 availability of less drastic alternatives.'" Id. at 1260-61 (quoting Thompson v. Housing Auth.,
10 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

11       In determining to recommend that this action be dismissed, the court has
12 considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly
13 support dismissal of this action. The action has been pending for over three years and has
14 reached the stage, set by the court's April 25, 2007 scheduling order, for resolution of dispositive
15 motions and, if necessary, preparation for pretrial conference and jury trial. (See Scheduling
16 Order, filed 4/25/07, doc. no. 27) Plaintiff's failure to comply with the Local Rules and the
17 court's December 28, 2007, order suggests that he has abandoned this action and that further
18 time spent by the court thereon will consume scarce judicial resources in addressing litigation
19 which plaintiff demonstrates no intention to pursue.

20       The fifth factor also favors dismissal. The court has advised plaintiff of the
21 requirements under the Local Rules and granted ample additional time to oppose the pending
22 motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

23       Under the circumstances of this case, the third factor, prejudice to defendants
24 from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to
25 oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963
26 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to

1 continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition
2 of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the
3 reasons set forth above, the first, second, and fifth factors strongly support dismissal and the
4 third factor does not mitigate against it.  Under the circumstances of this case, those factors
5 outweigh the general public policy favoring disposition of cases on their merits.  See Id. at 1263.
6       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this
7 action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
8       These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: February 29, 2008.

                                          U.S. MAGISTRATE JUDGE

18 2/long2650.46fr